IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SASHA WINDHAM, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | No. 3:22-cv-00754-E-BT |
| § | | |
| PORTFOLIO RECOVERY § | | |
| ASSOCIATES, LLC, § | | |
|     Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a *pro se* civil action brought by Plaintiff Sasha Windham in a Texas justice of the peace court, purportedly filed under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and removed to federal court by Defendant Portfolio Recovery Associates, LLC (PRA). *See generally* Not. of Rem. (ECF No. 1). On April 5, 2022, the Court ordered the parties to confer and submit a joint proposal for a scheduling order. Ord. (ECF No. 5). In so doing, the Court specifically warned the parties that failure to confer and submit a joint proposal "could result in the imposition of sanctions." *Id.* at 1. However, on the date the joint proposal was due, PRA notified the Court that it "attempted to contact . . . Windham via phone and email several times" but never received a response. Def.'s Rep. 1 (ECF No. 6).

Accordingly, the Court ordered Windham to show cause for her failure to confer with PRA regarding a proposed schedule. Ord. 1 (ECF No. 7). Once again, the Court specifically warned Windham that failure to comply with the Court's

order "may result in a recommendation to . . . dismiss this action." *Id.* Windham has failed to respond to the Court's order or otherwise show cause for her failure to confer with PRA. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Windham has failed to comply with the two of the Court's orders—to confer with PRA regarding a proposed schedule and to show cause for her failure to confer. This litigation cannot proceed without a scheduling order, and to enter one, Windham must cure these deficiencies. *See* Fed. R. Civ. P. 16 (b); 26(f). Thus, Windham has failed to prosecute her lawsuit and also failed to obey two court orders. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Windham's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 1, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).